REISSUED FOR PUBLICATION
NOV 25, 2019
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-664V
### Filed: October 31, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| S.A. and H.A., *Parents of E.A., on behalf of E.A.*, | UNPUBLISHED |
| Petitioner, | Motion for Redaction; |
| v. | 42 U.S.C. § 300aa-12(d)(4)(B) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * | |

*Pro se*, Evanston, IL for petitioners.
*Althea Davis, Esq.*, U.S. Dept. of Justice, Washington, DC, for respondent.

## ORDER ON PETITIONERS' MOTION TO REDACT

**Roth**, Special Master:

Petitioners filed their petition on April 22, 2019. On May 1, 2019, an initial order was issued directing petitioners to contact the Court within approximately 45 days to discuss their case. On May 3, 2019, petitioners filed a supplement to their petition, several medical records, and a Statement of Completion. Petitioners' Exhibits ("Pet. Ex.") 1-16.

On May 26, 2019, petitioners contacted my Chambers via email and advised that they are in the process of obtaining representation in this matter. Accordingly, petitioners were ordered to file a letter with the Court advising, in writing, whether they had secured counsel by August 5, 2019. Petitioners did not file a status report by this deadline. On August 20, 2019, an order was issued extending petitioners' deadline to file a status report advising on their progress in obtaining representation to September 19, 2019. Petitioners were cautioned that if they failed to meet this deadline, an order to show cause would be issued.

On September 9, 2019, petitioners filed a Motion for Withdrawal and Censorship requesting that their case be dismissed and censorship of their child's name. This request was interpreted as a Motion for a Dismissal Decision. On October 1, 2019, a Dismissal Decision was issued. In this decision, petitioners were informed that after the decision was issued, they would have 14 days to file a Motion for Redaction explaining why redaction of E.A.'s initials was warranted, if necessary. Petitioners were also advised that the only information that will be publicly available is the Dismissal Decision.

On October 8, 2019, petitioners timely filed a Motion to Redact. In their motion, petitioners requested that their full names ███████████████████████ their personal home address, their child's initials, "E.A.," and all listed diagnoses be redacted. *Id.* They submitted, "The initials E.A. are fully identifiable to the petitioner when linked to his parents' names and therefore do not adequately protect his medical privacy/diagnosis of 'immune dysfunction, reactive airway disease, asthma.'" Petitioner's requested that if it was not possible to redact all of the requested information, that the Court redact their full names and A.A's initials and diagnoses.

On October 22, 2019, respondent filed a response to petitioners' motion. Respondent submitted that "the analysis here should focus on whether redaction of the requested information strikes an appropriate balance between petitioner's privacy interest in the information and the public's interest in the Decision." Respondent ultimately deferred to my discretion as to whether petitioners' motion should be granted.

Petitioner did not file a reply. Petitioners' motion is now ripe for ruling.

### I. Petitioner's Motion for Redaction

**A.   Legal Authority**

Members of the public have the right to access court documents. *See Nixon v. Warner Comm. Inc*, 435 U.S. 559, 597 (1978). Public disclosure of court records is essential to the development of the common law. When the Vaccine Program was established, Congress decided to have the claims adjudicated within the federal court system, indicating an intent that the traditional policy of public disclosure of judicial decisions should apply to Program cases. *Castagna v. Sec'y of Health and Human Servs.*, No. 99-411V, 2011 WL 4348135, at *1 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *see also Rhone Poulenc Argo, S.A. v. DeKalb Genetics Corp.*, 284 F.3d 1323, 1329 n.3 (Fed. Cir. 2002); *Anderson v. Sec'y of Health and Human Servs.*, 2014 WL 3294656 at *3. In some circumstances, courts seal or redact their decisions. However, it should be noted that the preferences of the parties about public access to decisions are not binding. *Reidell v. United States*, 47 Fed. Cl. 209 (2000) (declining to vacate the underlying decision as the parties had requested in settling the case).

The E-Government Act of 2002 requires that all federal courts maintain a website to provide public access to "docket information for each case" and "access to the substance of all written opinions issued by the court." E-Government Act § 205(a). To implement this law, the Court of Federal Claims added RCFC 5.2, which allows for redactions of electronic filings that contain social security numbers, taxpayer-identification numbers, birth dates, account numbers, or the name of a minor. RCFC 5.2(a). *See also Pearson v. Sec'y of Dep't of Health and Human Servs.*, No. 03-2751V, 2011 WL 4863717, at *3 (Fed. Cl. Spec. Mstr. Sept. 22, 2011).

Section 12(d)(4)(B) of the Vaccine Act governs redactions. It states:

> A decision of a special master in a proceeding shall be disclosed, except that if the decision is to include information –
> (i) which is trade secret or commercial or financial information which is privileged and confidential, or
> (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,
> and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

The Court of Appeals for the Federal Circuit has yet to interpret this provision, meaning that there is no binding authority regarding how the provision should be applied. As this case does not involve trade secrets or commercial or financial information, petitioner's request relies upon § 12(d)(4)(B)(ii). The question thus becomes: what constitutes a "clearly unwarranted invasion of privacy"?

In an absence of binding precedent, special masters have generally not favored redactions, although there are some notable exceptions. Special masters are often more lenient in granting requests for redaction in cases involving minors. All other redactions are based upon a petitioner's unique circumstances. However, in recent years, special masters have generally only rarely found that an adult petitioner's circumstances warrant redaction.

### 1. Rulings Denying Redaction

Several special masters have concluded that the plain language of the Vaccine Act, specifically § 12(d)(4)(B), requires decisions to be disclosed to the public. Further, special masters have concluded that public disclosure of a vaccinee's medical condition is not a clearly unwarranted invasion of privacy because the vaccinee placed his or her medical condition in contention by filing a claim. Moreover, the publication of Program decisions is necessary so that future petitioners can see what types of cases are meritorious.

In *Langland*, the petitioners requested the redaction of either all medical information or all identifying information. The then-Chief Special Master denied the petitioners' request, ruling that special masters may only redact medical information "if the requesting party can show that disclosure would be an invasion of privacy, and that that invasion would be 'clearly unwarranted.'" *Langland v. Sec'y of Health and Human Servs.*, No. 07-36V, 2011 WL 802695, at *6 (Fed. Cl. Spec. Mstr. Feb. 3, 2011). The then-Chief Special Master found that "the context of the statutory structure" and the "emphatic language" employed by Congress in § 12(d)(4)(B) mean that "a party requesting redaction of medical information must satisfy a substantial burden to demonstrate a right to redaction." *Id.*

The Court of Federal Claims affirmed the Chief Special Master's determination and analysis of the redaction issue in a footnote. 109 Fed. Cl. 421, 424 n.1 (2013). Generally, petitioners must make a strong showing that redaction is warranted in order for their requests to be granted. *See also Castagna v. Sec'y of Health and Human Servs.*, No. 99-411V, 2011 WL 4348135 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Anderson v. Sec'y of Health and Human Servs.*, No. 08-396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. June 4, 2014).

2. **Rulings Granting Redaction**

Although recently special masters have generally followed the *Langland* approach, on occasion, special masters and judges have found redactions to be warranted. In *W.C.*, the special master initially denied petitioner's motion to redact. On review, a judge of the Court of Federal Claims reversed. The court determined that, given their similarities, the Vaccine Act's privacy provisions should be read in concert with the Freedom of Information Act's privacy provisions. The court then endorsed a balancing test. The court stated that the special masters' decisions had to contain petitioners' medical information in order to allow the law to develop. However, the judge concluded that it was not necessary for a vaccinee's name to be made public. *W.C. v. Sec'y of Health and Human Servs.*, 100 Fed. Cl. 440, 456-61 (2011).

The petitioner in *W.C.* presented unique circumstances. He argued that disclosure of his medical information would be a clearly unwarranted invasion of privacy because it could undermine his career. The petitioner in that case was a federal employee whose position required him to testify on behalf of the government. He was concerned that public disclosure of his medical condition could discredit his testimony. *Id.* at 447. The court found that redaction of petitioner's name was proper, but it retained the medical information in the decision.

**B.  Discussion**

In the instant matter, petitioners have requested redaction of their names, their home address, E.A.'s initials, and all the diagnoses in this matter. Petitioner submitted, "The initials E.A. are fully identifiable to the petitioner when linked to his parents' names and therefore do not adequately protect his medical privacy/diagnosis of 'immune dysfunction, reactive airway disease, asthma.'" Petitioners further requested that if it was not possible to redact of the requested information, that the Court redact their full names and E.A's initials and diagnoses.

While section 12(d)(4)(B) requires decisions of special masters to be disclosed, it has been the Program's practice to also publish certain rulings and orders even if they will not result in an entry of judgment. *See, e.g., Henley v. Sec'y of Health & Human Servs.*, No. 16-499V, 2017 WL 1129693 (Fed. Cl. Spec. Mstr. Mar. 9, 2017) (Ruling on facts regarding onset of petitioner's symptoms); *Brass v. Sec'y of Health & Human Servs.*, No. 14-918V, 2015 WL 11822104 (Fed. Cl. Spec. Mstr. Feb. 27, 2015) (Order denying petitioner's motion to amend the case caption); *Escalante v. Sec'y of Health & Human Servs.*, No. 08-264V, 2009 WL 995183 (Fed. Cl. Spec. Mstr. Mar. 25, 2009) (Order for petitioner to show cause why her case should not be dismissed). When interpreting section 12(d)(4)(B) in the context of a motion for redaction, special masters have not differentiated between decisions resulting in judgment and other types of orders or rulings. *See, e.g., T. M. v. Sec'y of Health & Human Servs.*, No. 17-138V, 2018 WL 5269806 (Fed. Cl. Spec. Mstr. Aug. 13, 2018) (Granting petitioner's request for redaction of a fact ruling); *Windhorst v. Sec'y of Health & Human Servs.*, No. 13-647V, 2017 WL 728045 (Fed. Cl. Spec. Mstr. Jan. 10, 2017) (Denying petitioner's request for redaction of a fact ruling). Because the Dismissal Decision will be disclosed to the public, I conclude that it is subject to the disclosure exceptions articulated in section 12(d)(4)(B).

  **I would like to clarify for petitioners that Vaccine Program cases are filed under seal; all records filed, including medical records, and all orders issued in this matter, including those with petitioners' address, cannot be accessed by anyone other than the parties and the Court. The only document that will be made publicly available is the Dismissal Decision, which merely states the subject vaccinations, vaccination dates, and claimed injuries.**

  The standard set by *Langland* requires a compelling reason for redaction, which must be "tailored to meet the individual interest it serves." *Anderson*, 2014 WL 3294656, at *5 (citing *Langland*, 2011 WL 802695, at *7-8). Petitioners' request for all initials and diagnoses to be redacted is not narrowly tailored. Moreover, a mere desire to maintain privacy does not "satisfy a substantial burden" in demonstrating a right to redaction. *Langland*, 2011 WL 802695, at *6. Therefore, all initials and diagnoses will not be redacted. However, the purpose of disclosure is not defeated by redacting a petitioner's name to their initials; accordingly, when the Dismissal Decision is published, petitioners' home address will be fully redacted and their names ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ will be redacted to their initials.

### III. Conclusion

  Petitioners' Motion to Redact is GRANTED IN PART. The original Dismissal Decision that I issued on October 1, 2019, shall be redacted to petitioners' initials and published[1] thirty-five days after this Order is issued.

  The Clerk's Office is directed to send this decision to petitioners at the following address via certified and regular mail.

▮▮▮▮▮▮▮▮▮▮

**IT IS SO ORDERED.**

DATE: 10/31/19

*/s/ Mindy Michaels Roth*
Mindy Michaels Roth
Special Master

---

[1] When this Order on Petitioners' Motion to Redact is published, petitioners' names will be redacted to their initials and their full names and addresses contained in the order will be fully redacted.

5