**REISSUED FOR PUBLICATION**
**DEC 20 2019**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 19-664V
### Filed: October 1, 2019

| | |
|---|---|
| * * * * * * * * * * * * * | |
| S.A. and H.A., *Parents of E.A., on behalf of E.A.*,              Petitioners,      v.      SECRETARY OF HEALTH AND HUMAN SERVICES,              Respondent. | Dismissal; Hepatitis B ("Hep B") RotaTeq, Diphtheria-Tetanus-Acellular-Pertussis ("DTaP"), Haemophilus Influenzae Type B ("Hib") Vaccines; Inactivated Polio Vaccine; Immune Dysfunction; Reactive Airway Disease; Asthma |
| * * * * * * * * * * * * * | |

*Pro se*, Evanston, IL, for petitioners.
*Althea Davis, Esq.*, U.S. Dept. of Justice, Washington, DC for respondent.

### DECISION[1]

**Roth,** Special Master:

On April 22, 2019, petitioners filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] on behalf of their minor child, E.A. Petitioners alleged that the hepatitis B ("Hep B"), Prevnar 13, RotaTeq, diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated polio vaccine ("IPV"), and haemophilus influenzae type B ("Hib") vaccines E.A. received on April 8, 2016 caused E.A. to develop immune dysfunction, reactive airway disease, and asthma. The information in the record, however, does not show entitlement to an award under the Program. On September 9, 2019, petitioners filed a request for withdrawal and censorship. ECF No. 19. In this request, petitioners requested that their case be

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

dismissed and that E.A.'s name be censored from the public record. *Id.* This request will be interpreted as a Motion for a Dismissal Decision. After a dismissal decision is issued, petitioners will have 14 days to file a Motion for Redaction explaining why redaction of E.A.'s initials is warranted, if necessary. Petitioners are advised that the only information that will be publicly available is this dismissal decision.

To receive compensation under the Program, petitioners must prove either 1) that E.A. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that E.A. suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). The petition in this matter may have not been timely filed pursuant to 42 U.S.C. § 300aa-16(a)(1), which requires that petitions be filed within three years of the date of vaccination or the first manifestation of injury. The record indicates E.A. received the allegedly causal vaccination on April 8, 2016 but the petition was not formally filed until April 22, 2019 – approximately 14 days out of time. Given the vague nature of E.A.'s alleged injuries, it is unclear as to when onset of these injuries began. Absent clear evidence of onset, petitioners' statute of limitations deadline is based on the date of vaccination. Further, an examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." The record also does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioners may not be given a Program award based solely on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioners, however, have offered no such opinion that supports a finding of entitlement.

Accordingly, it is unclear from the record, but it appears that the petition was not timely filed pursuant to 42 U.S.C. § 300aa-16(a)(1). Additionally, petitioners have failed to demonstrate either that E.A. suffered a "Table Injury" or that E.A.'s injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof and failure to file a claim within the statutorily prescribed timeframe. The Clerk shall enter judgment accordingly.**

The Clerk's Office is directed to send this decision to petitioners at the following address via certified and regular mail.

[address redacted]

**IT IS SO ORDERED.**

DATE: 10/1/2019

Mindy Michaels Roth
Special Master